Cunningham *vs.* Morris.

No. 114.—C. T. CUNNINGHAM; plaintiff in error, *vs.* WM. MORRIS, defendant.

[1.] A plaintiff in ejectment, in this State, is entitled to recover, together with the premises, all sums of money, by way of damages, both for *mesne* profits for the use and occupation of the land, and for trespasses committed during the same period. A recovery, therefore, in such an action, is a bar to an action of trespass Q. C. F.

Trespass, in Floyd Superior Court.   Tried before Judge TRIPPE, December Term, 1855.

This was an action of trespass *quare clausum fregit*, brought by Cunningham against Morris.

Plaintiff, in making out his title to the land, offered in evidence a deed by B. T. Bethune to himself, made in Walker County, and attested by W. H. Battey and by W. H. Mitchell, signing himself "Notary Public, B. C." The deed was recorded in Walker County. Defendant objected to its being read without proof of its execution, and introduced A. B. Ross, who testified that the signature of the witness, Mitchell, was the handwriting of Walter H. Mitchell, who was a citizen of Baldwin County. The Court rejected the deed. Plaintiff then offered in evidence an original writ in ejectment, brought by him against defendant for the lot of land on which the trespass in this action is charged, with a count for *mesne* profits.

On the writ was the following confession of judgment:

" I confess judgment to the plaintiff for the premises in dispute, with costs of suit, and nothing for rents and *mesne* profits.          J. W. H. UNDERWOOD, Def'ts Att'y.
♦ *Aug. Term*, 1853."

The plaintiff was then proceeding to prove the trespass alleged, when the Court, on motion of defendant, ruled that his testimony should be confined to trespasses committed since the said confession of judgment; whereupon, plaintiff suf-

fered a nonsuit, reserving the right to except, and excepted. to the said rulings of the Court.

ALEXANDER, for plaintiff in error.

UNDERWOOD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The defendant in ejectment having confessed judgment to the plaintiff for the premises in dispute and costs of suit,. *"but nothing for rents or mesne profits,"* can the plaintiff,. in an action *quare clausum fregit,* go behind this judgment and recover damages 'for the asportation of timber cut on the land?

Notwithstanding the cases in 1 *Harris & Johnson,* 403, and 2 *Haywood,* 381, *seemingly* to the contrary, we take it to be well settled, that as the action for *mesne profits* is an action of trespass *vi et armis,* the Jury are not confined in, their verdict to the mere *rent* of the premises, although the action is said to be brought to recover the *rents* and *profits* of the estate, but may give such extra damages as they may think the particular circumstances of the case may demand.. (*Adams on Ejectment,* 391.)

And accordingly, in *Morgan vs. Varick,* (8 *Wend.* 587,) the Court held, that inasmuch as the severance of machinery from the mill did not divest the owner of his property, that what was before part of the freehold, by the severance, became personal property, and the owner might recover for the property thus severed in an action for trespass in *mesne* profits.

This was an action of trespass for *mesne profits* and *de bonis asportatis,* to which the Statute of Limitations was pleaded. And Chief Justice *Savage,* in delivering the opinion of the Court, says: "It seems, indeed, unjust that the defendant should obtain *tortious* possession of the plaintiff's real estate, *remove the buildings or timber,"* (the very injury com-

plained of in the case before us,) "which constituted, perhaps, the principal value, and secure himself from responsibility, by delaying the action of ejectment for six years," &c. And he decides, in conformity with the elementary principle cited from *Adams*, that the action for *mesne profits* is an action of *trespass* in which the plaintiff can recover for any injury done within the Statutory limit, which, in the State of New York, is six years.

The history of the action of ejectment casts light upon this question. Before the time of *Henry VII*, plaintiffs in ejectment did not recover the term; but until about that time the *mesne profits* were the measure of damages. Brush out of the mind, now, the fiction in which this action is veiled, and which makes it so terrific to the legal tyro, to-wit: the nominal plaintiff and nominal defendant, the casual ejector, the *dramatis personæ*, or *actores fabulæ*, and, as we before said, by the old law and the practice of the Courts, the plaintiff received nothing but damages, the measure whereof was the *mesne profits ;* no term was recovered; but when it became established that the term should be recovered, the ejectment was moulded into the form of a real action. The proceeding was *in rem;* and the thing, itself, the term, only was recovered, and nominal damages, but not the *mesne profits.* And thereupon grew up and was established the present mode of recovering the *mesne profits* in an action of trespass, grafted upon the fiction in ejectment. And the present action is put in the place of the ejectment at Common Law, which was indeed a true and not a fictitious action, and in which the *mesne* profits only, and not the term, were recovered; for it was no other than a mere action of trespass. The plaintiff, in effect, says to the defendant, "you have turned me out of possession and kept me out, ever since the demise laid in the declaration; therefore, I desire to be paid the damages, to the value of the *mesne* profits which I lost thereby; this is just and reasonable."

And Mr. Justice *Gould*, in *Goodtitle vs. Tombs*, (3 *Wils.*

xix—74

121,) stated that he had known *four times* the value of the· *mesne* profits given by a Jury in this sort of action of trespass; and that if it were not sometimes so, complete justice· could not be done to the party injured.

It may be that the very trespass complained of in this case,. was necessary for using and cultivating the land and occupying the houses, and was done for that purpose; and consequently, would be included in an action for *mesne profits* for· the *use* and *occupation* of the land, according to the most·· narrow and restricted views of the suit.

Being satisfied that the alleged trespass was *intended* to be· included in the confession, and that by the rules of law it might have been recovered in that action; and inasmuch as the policy of this State is opposed to a multiplicity of suits, when the whole grievance may be, and now by Statute must be, settled in one, we hold that the plaintiff is not entitled to the right which he is seeking to enforce.

A similar construction has been put, by the Courts of England, upon the Statute passed by the British Parliament during the reign of *George IV*, inhibiting, as our Act of 1834 does, a separate suit for *mesne profits*. The plaintiff there· recovers, together with the premises in dispute, all such sums·. of money, by way of damages, to which he is entitled on ac-·· count of the disseizin.