## EDGAR v. WALKER.

1. On the trial of a complaint for damages growing out of alleged negligent conduct of defendant in closing the natural course of surface-water on one side of plaintiff's lot, and in not providing sufficient drainage to carry off such water, thus causing it to flood plaintiff's land during rainy seasons, it was not error for the court to charge the jury that "if the defendant used ordinary care in constructing the drain-pipe, and the damage, if any, was caused by plaintiff's negligence, then the plaintiff can not recover." There was sufficient evidence in this case to authorize the submission of this issue to the jury.

2. In a suit for damages, where a count in the petition alleges injury resulting to plaintiff in consequence of foul and impure matter being allowed

by defendant to accumulate on his premises in such manner as to be washed by rains on land of the plaintiff, it is not error for the judge to instruct the jury that there can be no recovery on this ground if such offensive matter was accumulated by defendant's tenants on that portion of the premises rented from him and over which he had no control; it not appearing that the nuisance complained of on the premises of the tenants existed at the time they were rented, nor that the tenants were licensed by the landlord to erect or maintain the nuisance.

3. As to the charges of the court complained of which deal with the right of the plaintiff to recover at all, the jury having found the plaintiff was entitled to recover, the charges, even if erroneous, were harmless, and are not, therefore, sufficient cause for a new trial.

4. The testimony did not demand a verdict for any amount against the defendant; certainly not a larger sum than the jury found. The charge of the court fairly covered the issues involved; and the judge did right in overruling the motion for a new trial.

Argued December 15, 1898.—Decided February 10, 1899.

Action for damages. Before Judge Berry. City court of Atlanta. May 13, 1898.

*L. R. Ray*, for plaintiff. *King & Spalding*, for defendant.

Lewis, J. Mrs. N. C. Edgar brought suit against B. F. Walker for $5,000, making by her petition substantially the following case: Petitioner was the owner of a life-estate in a certain lot of land lying north of the city of Atlanta, and has occupied the same for a home for herself and family since the year 1875. Defendant is the owner of adjoining lands on the north, east, and south of petitioner's lot. At the time petitioner built upon her lot in 1875, the same was higher than the adjoining land of Walker, and the natural flow of surface-water caused by the rain was from petitioner's lot on and over the lands of Walker into a deep ravine which ran through the lands of Walker. In 1892 Walker graded his lands so as to elevate the same from two to five feet higher than her lot, with such an incline towards her lot as to cause rain-water to flow upon her land, thus injuring and damaging her property, which was wrongfully and maliciously done with intent to injure petitioner. Petitioner further complained that said Walker allowed to accumulate on his premises offensive matter from privies and other sources, which, exposed to the sun, filled the air with a foul odor, making petitioner's premises unhealthy

and undesirable as a home; and that by each heavy rain said foul accumulations and poisonous matter were gathered up by the water and carried into petitioner's yard, and in and around the door of her dwelling; that Walker constructed a sewer for the purpose of carrying off the drainage, but that it was too small to carry off the rain-water; water would frequently rise to such an extent as to enter her house; and these acts not only damaged her land greatly, diminishing it in value, but likewise caused sickness of herself and children, impairing their health, diminishing her capacity to earn a living, and otherwise causing expense. The defendant answered in detail the allegations in plaintiff's petition, denying his liability, and the wrongs and injuries therein complained of; alleging that he had done everything in his power to protect the property claimed by petitioner, and that if there was any failure of the drain-pipe to carry off the water, it was due to the negligence and wrongful conduct of petitioner, and those in her family, in purposely filling up the mouth of the drain-pipe, and in not using care or proper caution to keep the same from filling up; that the offensive odors and matter upon petitioner's lot were not caused by any act of defendant, but by petitioner, and those constituting her family and living upon said lot, her lot being in nowise provided with sewerage or other usual facilities indispensable to residence premises. Evidence as to the value of the premises varied from $250.00 to $1,000. There was quite a volume of testimony introduced, in which there was considerable conflict. The jury returned a verdict for plaintiff for the sum of $125; whereupon plaintiff moved for a new trial, and assigns error on the judgment of the court overruling her motion. The general rules of law governing the rights and liabilities of adjacent landowners growing out of injuries occasioned by changing or diverting the course of surface-water upon such lands is so well settled by the decision of this court and the lucid opinion of Justice Fish in the case of *Farkas* v. *Towns*, 103 *Ga.* 150, that it is unnecessary for us to enter upon a further discussion of the subject. We will, therefore, confine ourselves to a brief consideration of such grounds in the motion for a new trial as may seem to have any merit whatever in them.

1. In one of the grounds of the motion for a new trial exception is taken to the court charging, in effect, that if the plaintiff had title to the property, and the defendant negligently constructed a drain-pipe to carry off the water from her premises which usually passed off in natural channels, and if by reason of this negligent construction water was forced back on plaintiff's lot and she was injured thereby, plaintiff could recover; but if the defendant used ordinary care in constructing the drain-pipe, and the damage, if any, was caused by plaintiff's negligence, then plaintiff could not recover; that it was the duty of the plaintiff to exercise all ordinary care and diligence in and about her lot, in order to prevent debris, or material of any kind, from getting into or obstructing that drain, and also in order to keep the premises in such condition that the water coming to the drain-pipe would not bring debris and matter calculated to choke up the drain-pipe from plaintiff's lot, and if plaintiff was negligent in this particular, and by reason thereof her land was overflowed, she could not recover for such damage so caused by her own negligence.   In behalf of the defendant there was much testimony tending to establish the fact that the reason why the drain-pipes constructed by the defendant did not at all times carry off the surface-water accumulated from rains, was because of the quantity of debris which the plaintiff had suffered to accumulate on her lot at places where the flow of water washed the same down by the mouth of the drain, and thus obstructed it and prevented the free flow of water.   There was a conflict of evidence on this particular point, and the issues of fact presented demanded substantially such a charge as was given by the court.   The rule of law that no one can recover for an injury resulting from his own negligence, or which he could have avoided by the exercise of ordinary care and diligence, is too well established to require any discussion.   It is insisted, however, in this case that the defendant was bound to exercise *extraordinary* diligence in protecting the lands of the plaintiff by a proper system of drainage, and that the court erred in giving in charge the rule of *ordinary* diligence as the measure of the degree of care which the defendant should exercise.   The rule of extraordinary diligence is a harsh one, and

is never applied except where it is expressly enjoined by statute. As a general principle, when one is in the exercise of a legal right, he is not responsible for injuries that may incidentally result to others, when he has exercised all ordinary and reasonable care and diligence; and we know of no law or authority which would require the application of a different principle to this case.

2. It is further complained in the motion, the court erred in instructing the jury, that the defendant is not liable for any damage inflicted on plaintiff by reason of the dumping of offensive matter by the tenants upon the property of plaintiff, or in such a place on their premises leased by them that said offensive matter, if washed by rain, would be carried on plaintiff's land; but that if any such acts were done by defendant's tenants, and plaintiff was damaged thereby, the tenants, and not the defendant Walker, would be liable for that part of the damage. Under the facts in this case, there was no error in this charge. It was undisputed that some of the debris or material claimed by plaintiff to be offensive was on that portion of the premises owned by the defendant which he had rented to tenants, and over which he, at the time, had no control. There was no pretense that this matter was on that part of the premises when the same were rented to the tenants; nor that there was any rerental of these premises to the tenants after the accumulation of the offensive material. "A party is not guilty of an actionable nuisance unless the injurious consequences complained of are the natural and proximate results of his own acts or failure of duty. If such consequences were caused by the acts of others, so operating as to produce the injury, he would not be liable." *Brimberry* v. *Sav. Ry. Co.*, 78 *Ga.* 641. As a general rule a landlord is not liable to third persons for any injury they sustain occasioned by the wrongful acts of his tenant in keeping the rented premises in a dangerous or unhealthy condition. The only exceptions to this rule are, 1st, when the landlord has contracted with the tenant to repair; 2d, when he has let the premises in a ruinous condition; 3d, when he has expressly licensed the tenant to do acts amounting to a nuisance. 2 Woodfall's Landlord and Tenant,

735–6 ; 2 Wood's Landlord and Tenant, § 536 ; 12 Am. & Eng. Enc. L. 719, and citations.

3. There are various grounds in the motion for a new trial, complaining of charges of the court which relate to the right of the plaintiff to recover anything. For instance, it was insisted that the court erred in charging the jury that if the plaintiff was not the owner of the property, as alleged, at the time the suit was filed, then she could not recover for any damages to the premises; and further, that in order for the plaintiff to recover, she must prove the substance of the material allegations in her petition by a preponderance of the evidence; if she fails to do so, she can not recover. If there was any error in these charges of the court, it was harmless; the jury having found that the plaintiff was entitled to recover. An error which works no harm to a complaining party is not sufficient cause for a new trial.

4. We do not deem the other grounds in the motion, complaining of omissions to charge, of sufficient importance to merit any special consideration. The charge of the court, as a whole, fully and fairly presented to the jury the law bearing upon the issues between the litigants. The evidence was conflicting. It certainly did not require a finding that the defendant was liable in damages for any larger sum than was recovered.

*Judgment affirmed. All the Justices concurring.*