## GARDNER *v.* RHODES.

A landlord is not liable for injury received by a person from falling on ice which had been allowed by the tenants to accumulate and remain on a sidewalk abutting the rented premises.    This is true though the ice resulted from water which had flowed from the landlord's property through a ditch placed there for the purpose of carrying off the refuse water across the sidewalk ; the ice not being on the sidewalk when the tenants entered into possession, although the ditch was on the property at that time and put there for the purpose above indicated.

Argued February 13, — Decided March 12, 1902.

Action for damages.    Before Judge Reid.    City court of Atlanta. January 28, 1901.

*Burton Smith*, for plaintiff, cited 93 *Ga.* 561; 106 *Ga.* 454; 2 Wood, Nuis. (3d ed.) § 832; 50 Am. Dec. 780, note; 5 Am. Neg. Rep. 702, s. c. 56 N. Y. Supp. 66; Civil Code, § 745; Elliott, Roads and Streets (2d ed.), § 711; Angell, Watercourses (7th ed.), 125 – 6 – 7; Civil Code, § 3858 ; 1 Wood, Nuis. (3d ed.) §§ 129, 112, 116, 235, 249, 376; 2 Shearm. & Redf. Neg. (4th ed.) § 365; 2 Dill. Mun. Corp. § 1032; 68 *Ga.* 431.

*Dorsey, Brewster & Howell*, for defendant, cited 24 Wis. 280, s. c. 1 Am. Rep. 183; 87 Ind. 77; 1 N. Y. App. Div. 423, s. c. 37 N. Y. Supp. 281; Shearm. & Redf. Neg. §§343, 13 (a) ; 97 Mo. 537, s. c. 11 S. W. 242 ; 90 Wis. 59, s. c. 62 N. W. 937; 85 Wis. 187, s. c. 55 N. W. Rep. 167 ; 46 La. Ann. 1113, s. c. 15 So. Rep. 385 ; 45 Mich. 74, s. c. 7 N. W. 728; 123 N. Y. 405, s. c. 25 N. E. Rep. 937; 6 Wash. 377, s. c. 33 Pac. 1054; 42 Minn. 530, s. c. 44 N. W. 1026 ; 78 Ill. 347; 24 Wis. 270; 44 Ohio St. 505, s. c. 9 N. E. 225 ; 63 Iowa, 523, s. c. 19 N. W. 340; 86 N. W. Rep. 162; 38 *Ga.* 542; 58 *Ga.* 204; 63 *Ga.* 612; 66 *Ga.* 505 ; 106 *Ga.* 454; 112 *Ga.* 901; Shearm. & Redf. Neg. §§ 56 – 60, 501, and note; Tayl. Landl. & Ten. §§ 173, 175, and cit.; 115 Mass. 86, s. c. 15 Am. Rep. 76, and notes, 398; 32 Ohio St. 264, s. c. 30 Am. Rep. 584, 587.

COBB, J.  Gardner sued Rhodes for damages.  At the trial a nonsuit was granted, and this is the error assigned in the bill of exceptions.  The substance of the allegations of the petition is as follows:  The defendant is the owner of certain real estate in the city of Atlanta abutting on a sidewalk.  On January 31, 1900, petitioner was injured by falling upon ice which had formed on the sidewalk in front of the defendant's property.  The presence of this ice at this place was due to the following conditions:  There is a ditch or drain located on the defendant's property and running across the same to the sidewalk.  This ditch has been there for many years, and was there when the defendant rented the property to certain washerwomen, who were in possession at the time the petitioner was injured.  Near the head of the ditch there were two water-closets and two hydrants, from which hydrants the washerwomen draw water.  They pour the refuse water upon the ground and it runs into the ditch and across the sidewalk.  The ditch was made to receive, and necessarily does receive, and for many years has received the water from the running or overflow of the hydrants and from the refuse water of the washerwomen, and from any defect, clogging, or overflow of the water-closets.  The property of the defendant is higher than the sidewalk, and the water flowing into the ditch discharges across the sidewalk.  On the day the plaintiff was injured, and for many days previous thereto, water discharged upon the sidewalk in the manner above indicated had become frozen.  The ice so formed was uneven on its surface, rendering the sidewalk dangerous to pedestrians.  On these facts the plaintiff charges that the effect of making the ditch was to create a nuisance by the continuous discharge of water across the sidewalk and by the freezing of such water on the sidewalk.  And also, that the defendant negligently maintained the ditch, and negligently permitted the water to run across the sidewalk, and negligently permitted ice to remain on the sidewalk.  It is alleged that plaintiff was free from fault, and different items of damage are set out, which are alleged to have resulted from specified injuries.  The petition further charged that the maintenance of the ditch and the consequent overflow of water upon the sidewalk was a violation of a city ordinance of Atlanta, which provided that "any person who shall throw or discharge from any lot or building any water or fluid substance so as to affect injuriously any street, lane, alley,

way or sidewalk in said city shall, on conviction," be fined, etc. The defendant answered, admitting that he owned the property, and that a ditch or drain as described in the petition was located on the property when the same was rented to certain tenants, who were in possession at the date of the plaintiff's alleged injury. The defendant also admitted the presence of the water-closets and hydrants at the head of the ditch, that the tenants pour refuse water upon the ground, that this water runs into the ditch and across the sidewalk, and that the ditch was made for the purpose of receiving this water. He denied that he had damaged the plaintiff, denied that the ditch and the discharge of water therefrom onto the sidewalk and its freezing thereon constituted a nuisance, and denied that he had negligently maintained the ditch and negligently permitted the water to flow therefrom onto the sidewalk and freeze.

The above summary of the petition and answer shows that the only material questions about which the parties were at issue were as to whether the ditch and the flow of water therefrom and the formation of ice upon the sidewalk constituted a nuisance, and whether, if so, the defendant could be chargeable with negligence for maintaining the same. We think it can be conceded for the purposes of this case that the formation of the ice on the sidewalk and the overflow of water from the ditch and even the ditch itself, all taken together, amounted to a nuisance which was being maintained on the defendant's premises and the abutting sidewalk. This nuisance was, however, the result of the acts of the defendant's tenants, who were in exclusive possession of the premises; and under such circumstances the landlord can not be held liable in damages for injuries resulting to a person from a nuisance maintained by a tenant. It will be noticed that the city ordinance set out in the plaintiff's petition does not purport to make a landlord liable for the maintenance of a nuisance on or abutting his property, and it seems to be clear that the ordinance refers only to those who actually originate and maintain the nuisance. So far as appears from the record, there is no ordinance of the city making it the duty of a landlord to remove from a sidewalk abutting his property an obstruction which has been placed there by the tenant. Nor is such a duty imposed by the law of the State. It is true that in this State the landlord is bound to keep the premises in repair (Civil Code, § 3123), and that a landlord will be liable un-

der some circumstances to third persons for injuries resulting from his failure to repair. Civil Code, § 3118. The section last cited also provides that "the landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligent or illegal use of the premises by the tenant." See also *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901, and cases cited. The present petition, however, is based solely on the theory that the landlord is liable for injuries resulting from a nuisance. In the case of *White* v. *Montgomery,* 58 *Ga.* 204 (2), the case of *Vason* v. *Augusta,* 38 *Ga.* 542, is cited for the proposition that a landlord is "not liable for a nuisance maintained upon the premises by the tenant during the lease." In the case last referred to it was held: "A landlord who has leased premises to a tenant is not liable for a nuisance maintained upon the premises by the tenant during the lease. If the nuisance existed upon the premises when the lease was made, the landlord is liable. But if the tenant continues the nuisance after he obtains exclusive possession and control, he alone is liable for its continuance." The nuisance which the plaintiff alleged was not the ditch, or the overflow alone, or the ditch and the overflow, but a combination of the ditch, the overflow, and the ice on the sidewalk. So far as appears from the evidence, the ditch itself was not a nuisance, nor was it a nuisance per se to allow water to flow across a sidewalk; but the nuisance consisted in the formation of ice on the sidewalk, making it dangerous for pedestrians to walk along the sidewalk at that point. There was no danger to pedestrians, nor, so far as appears, any inconvenience resulting either from the ditch or the flowing water. But the gravamen of the complaint is the fact that ice which resulted from the presence of the water on the sidewalk was allowed after its formation to remain on the sidewalk. In *Center* v. *Davis,* 39 *Ga.* 210, two Judges (Brown, C. J., dissenting) held that the principle laid down in the *Vason* case, supra, was applicable only in case of a public nuisance. The code provides that a public nuisance gives no right of action to any individual, unless such a nuisance causes special damage in which the public do not participate, when an action will lie for such special damage; and that a private nuisance gives a right of action to the person injured. Civil Code, §§ 3858, 3859, 3860.

But whatever may be the character of the nuisance, the action

must of course be brought against the person who creates or the one who maintains the same. Even in case of injury from a private nuisance the landlord will not be liable, where the tenant had exclusive possession of the premises, and where the nuisance was created by the tenant. *Freidenburg* v. *Jones*, 63 *Ga.* 612; *Jones* v. *Freidenburg*, 66 *Ga.* 505; *Edgar* v. *Walker*, 106 *Ga.* 454 (2). This is manifestly the sound rule; for, as was said in *White* v. *Montgomery*, 58 *Ga.* 204, "the use of the tenements really belongs to the tenant during the lease; they are his property to use for the term for which they are rented; and the landlord has no right to enter upon them, except by permission of the tenant during the term for which they are rented." The case of *Center* v. *Davis*, 39 *Ga.* 210, 217, above referred to, in so far as it lays down the rule that a landlord will be liable for injuries resulting from a private nuisance which was maintained by his tenants and with the creation of which he had no connection, has not been followed, and, being a decision by two Judges, it is to be treated, at least to the extent above referred to, as having been overruled by the later cases. An obstruction on a sidewalk caused by allowing ice to remain thereon for such a time and in such a way as to render the same unsafe for travel is a public nuisance. See, in this connection, 1 Wood, Nuisances (3d ed.), § 248. The code provides that if "a public nuisance causes special damage to an individual, in which the public do not participate, such special damage gives a right of action." Civil Code, § 3859. A right of action against whom? Against the person creating or maintaining the same; and if it is upon a sidewalk in a city, then against the city if it suffered it to remain after the authorities knew or should have known of its existence; or against the individual creating it; or possibly against both. But certainly not against a landlord who, before the nuisance was created, had parted with the possession of the property, and who was not connected in any way with the maintenance of the nuisance. So that, whether we treat the nuisance alleged in the present case as a private or as a public nuisance, no liability arises, under the facts, against the landlord. It is true that the landlord knew the ditch was being used to carry water from the property across the sidewalk. But this in itself was not shown to be a nuisance. The injury to the plaintiff was not caused by the presence of the ditch alone, even if it be conceded that the landlord was directly respon-

sible for the presence of the ditch.   The injury was the result of a combination of circumstances, consisting of the presence of the ditch, the use of·the same by the tenants when the weather was so unusually cold that water upon the ground would form into ice, the flowing of the water upon the sidewalk at such a time, the formation of the ice thereon, and allowing the same to remain upon the sidewalk after it had formed.   The connection of the landlord with the matter terminates altogether at the point where the ditch is made upon the premises, and as he was in no way responsible for the acts of his tenants in using the ditch at a time when its use would probably result in the formation of ice upon the sidewalk, and as there is nothing appearing in the record which made it his duty to remove from the sidewalk the obstruction thus caused, it seems to be clear that nothing done by the landlord directly contributed to the injury which the plaintiff sustained.   Certainly, under the circumstances, the mere presence of the ditch upon his property was not the proximate cause of the injury.   There was no error in granting a nonsuit.

*Judgment affirmed.   All the Justices concurring, except Little, J., absent.*