### 22464. GEORGIA POWER COMPANY v. FINCHER.

STEPHENS, J. 1. A public officer is presumed to have done his duty, and, in the performance of any judicial act, to have followed the requirements of law. Since service in a suit against an electric company to recover for damage caused by it to person or property may, as provided in section 2798 of the Civil Code of 1910, be perfected upon the company in a

county other than that in which the suit was filed and the cause of action originated, if the company has no agent in the latter county; and, since process may issue in such suit, directed to the sheriff of another county in the State, in which the defendant, which is a corporation of this State, has its principal office and place of business, and the petition, by second original, may be legally served by the sheriff of that county upon the defendant in that county, the clerk of the court in which the suit was filed, in issuing the process directed to the sheriff of the other county, and the sheriff of that county in executing the process and in serving the petition upon the defendant in that county, presumably performed their acts in accordance with all legal requirements. The petition will not be dismissed for want of legally perfected service upon the defendant, although it does not appear from the petition that there was no agent of the defendant in the county in which the suit was filed, or that any order to perfect service upon the defendant in another county was passed by the court in which the petition was filed. The special plea of the defendant, which set up the want of legal service upon it, and which contained no denial of the nonexistence of an agent of the defendant in the county in which the suit was filed, or that there was an order of court to perfect service, or of any fact essential to the legal perfecting of service upon it in a county other than the county in which the suit was filed and the cause of action originated, was properly stricken.

2. In a suit against an electric company to recover damages because of a nuisance alleged to have been created by raising the height of a dam and causing backwater to cover and submerge lands, and create stagnant pools, etc., where it was alleged that the nuisance was created by the defendant's predecessor in title in raising the height of the dam, an allegation in the petition that during a certain year, which was before the defendant acquired the property, the height of the dam had been increased, was material only as showing that the raising of the height of the dam and the consequent creation of the nuisance alleged as resulting therefrom were not the acts of the defendant. The allegation in the petition was to this effect, and was therefore not subject to demurrer upon the ground that it did not appear by whom the height of the dam was increased, or that the allegations were too general and indefinite.

3. Where the petition alleged the maintenance by the defendant of a nuisance in permitting high backwaters caused from the height of a dam belonging to the defendant, the height of which had been raised by the defendant's predecessor in title, and that the defendant had actual knowledge of this fact, and where the petition also alleged written notice to the defendant, given after the defendant had acquired the property, of the defendant's continuance of the alleged nuisance created by its predecessor in title, and the refusal of the defendant to abate this nuisance, the striking from the petition of the allegation that, after the defendant had acuired the property, the defendant received written notice of the maintenance of the nuisance and refused to abate it, left the petition as one wherein it was alleged that the alleged nuisance was created by the defendant's predecessor in title and that the defendant had actual knowledge of this fact, but without an allegation of any notice to the defendant, after it had acquired the property, respecting the nuisance, and did

not have the effect of setting up a new and distinct cause of action and converting the suit from one for the maintenance by the defendant of a nuisance created by its predecessor in title into a suit for the creation of a nuisance by the defendant itself after it had acquired title to the property.

4. Before a cause of action for the maintenance of a nuisance arises against the alienee of the nuisance, there must be a notice of the existence of the nuisance, or a request to abate it, given to the alienee. Mere passive knowledge of the existence of the nuisance by the alienee is not sufficient. Civil Code (1910), § 4458; *Bonner* v. *Welborn*, 7 *Ga.* 296; *Central Railroad* v. *English*, 73 *Ga.* 366 (2); *Edgar* v. *Walker*, 106 *Ga.* 454 (32 S. E. 582); *Roberts* v. *Georgia Railway & Power Co.*, 151 *Ga.* 241 (106 S. E. 258, 14 A. L. R. 1089). On the trial of a suit against the alienee of a nuisance to recover damages for the maintenance of the nuisance, arising out of the construction of a dam which the alienee's predecessor in title had erected, and which the alienee had not altered, it was error for the court to instruct the jury that where the agent of the defendant in charge of the dam as superintendent was the same person who had held the same position with the defendant's predecessor in title, and who, as superintendent for the latter, had notice of the existence of the nuisance, knowledge by him of this fact constituted notice to the defendant of the existence of the nuisance. This is error notwithstanding it be assumed that the knowledge of the defendant's superintendent was knowledge to the defendant. *German American Mutual Life Asso.* v. *Farley*, 102 *Ga.* 720 (2) (29 S. E. 615).

5. The lawful power to construct a dam and impound water does not carry with it the power to create a nuisance by the maintenance of foul and ill-smelling water and a breeding place for mosquitoes, etc., to the damage of persons living in the neighborhood; and liability to a person damaged as a result of the nuisance is not dependent upon the existence of negligence on the part of the person in performing the act which constitutes the nuisance. See *Bainbridge Power Co.* v. *Ivey*, 38 *Ga. App.* 586 (144 S. E. 825), and cit. It was error for the court to instruct the jury that if the maintenance of the dam in the manner in which it was maintained was legal and the maintenance of the dam by the defendant caused loss to the plaintiff the defendant would be liable although it was not guilty of negligence, where the court did not restrict the defendant's act to the maintenance of a nuisance.

6. There being no evidence whatsoever that the act of the defendant in maintaining the nuisance caused sickness to the plaintiff's wife and damaged him in the loss of her services, it was error prejudicial to the defendant for the court to charge the jury that they would be authorized to find in their verdict damages for the plaintiff, representing the loss to him of the services of his wife.

7. The verdict having been rendered for the plaintiff, the court erred in not granting the defendant a new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided March 3, 1933. Rehearing denied March 4, 1933.

*Colquitt, Parker, Troutman & Arkwright, Harllee Branch Jr.,
C. C. King,* for plaintiff in error.
*C. L. Redman, A. S. Thurman,* contra.