41457. HOWELL GAS OF ATHENS, INC. et al. v. COILE.
41458. HOWELL GAS OF ATHENS, INC. et al. v. BROOKS.

Argued September 10, 1965—Decided November 24, 1965.

734

*Woodruff, Savell, Lane & Williams, Erwin, Birchmore & Epting, Eugene A. Epting, Denny C. Galis,* for plaintiffs in error. *Hamilton Lokey, James P. Dollar, George Brooks,* contra.

EBERHARDT, Judge. ■ The petitions are identical in their allegations of the facts, even to the numbering of the paragraphs, and the demurrers are the same, except insofar as the allegations of negligence may vary.

■ We deal first with the general demurrer of the Lowe brothers, owners of the building. Under the allegations of the petition Pickler was in possession of the premises, the Lowe brothers having relinquished it to him under a lease early in September, 1962. It is not alleged that the gas tank, piping and the two automatic heaters were installed in the building by the owners. It is alleged that the manually controlled heater was installed by them, though it is not alleged that either the heater itself was defective or that there was anything wrong with its connection to the gas line. It is not alleged that the owners had any knowledge or notice that there was any defect in the other heaters or in the gas system, or that it was in need of repair. It is not alleged that the owners had knowledge of any danger likely to attend the operation of the system.

It is alleged that the inspection of the system and the filling of the tank was done by Howell Gas Company at the instance of the lessee, Pickler, who was in possession under the lease.

It is not alleged that either Howell Gas Company or Pickler notified the owners of the defects found in the system upon the inspection by Howell's agent. It is not alleged that any request for repairs was made to the owners at any time.

It was not the servant or agent of the owners who turned the valve to the automatic floor heater so that gas would flow through it and who lighted the two floor heaters, leaving them turned low; it was the employee of Pickler, the lessee.

It was not the owner who lighted the pilot on the suspended heater, or who had it done. That was done by Howell Gas, at the instance of the tenant.

Pleadings must be construed in the light of their omissions as well as their averments (*Houston v. Pollard*, 217 Ga. 184, 187 (121 SE2d 629)), and it is to be assumed that the pleader has stated his case as strongly in his favor as the facts will justify. *Strother v. Kennedy*, 218 Ga. 180, 186 (127 SE2d 19).

Neither of these actions is brought by or against the lessee, any servant or invitee of his. They are brought against the owners of the property and the gas company by third parties who have suffered damage resulting from the explosion.

What then, is the measure of responsibility attaching to the Lowe brothers, the owners? So long as they were in possession or control of the premises they owed to adjoining landowners the duty of ordinary care not to damage the adjoining property by blasts, explosions or vibrations emanating from their own property. See *Ezzard v. Findley Gold Mining Co.*, 74 Ga. 520; *Moross & Co. v. Burke*, 99 Ga. 110 (24 SE 969); *Wachstein v. Christopher*, 128 Ga. 229 (57 SE 511); *Spencer v. Mayor &c. of Gainesville*, 140 Ga. 632 (2a) (79 SE 543); *Brooks v. Ready Mix Concrete Co.*, 94 Ga. App. 791 (96 SE2d 213); *Ready-Mix Concrete Co. v. Rape*, 98 Ga. App. 503 (106 SE2d 429); *City of Griffin v. McKneely*, 101 Ga. App. 811 (3) (115 SE2d 463); *Richmond County v. Williams*, 109 Ga. App. 670 (137 SE2d 343); *City of Atlanta v. Donald*, 111 Ga. App. 339 (141 SE2d 560), reversed on other grounds in 221 Ga. 135 (143 SE2d 737)

"A landowner who, himself or by others under his direction or permission, negligently or unskillfully performs an act on his premises which may and does inflict injury on an adjoining owner is liable for the damage so caused." 2 CJS 38, Adjoining Landowners, § 45 (a).

In *Code Ch.* 85-12 are statutory provisions affecting the responsibility of an adjoining owner to afford lateral support and for liability in the event of failure to do so, but we find little help from these in dealing with the problem now before us. By *Code* § 105-401 the owner or occupier of land is made liable to one who, by express or implied invitation, goes upon the land and suffers injury from an unsafe condition existing on it. This, too, is of little help. The word "owner" as used in § 105-401 is not synonymous with "landlord" as used in § 61-112, and where the owner has fully parted with possession by rental or lease his liabilities are measured by § 61-112, § 105-401 having no application. *Dobbs v. Noble,* 55 Ga. App. 201, 202 (2) (189 SE 694).

In some jurisdictions it is held that where the premises are, at the time of the letting, in a defective and dangerous condition by reason of faulty construction or want of repair or by reason of the maintenance on the premises of a condition endangering the health or safety of strangers, the lessor may be held liable to third parties who suffer injury thereby. 32 Am.Jur. 643, Landlord & Tenant, § 757. But the rule in Georgia is found in *Code* §§ 61-111 and 61-112.

Under this rule the landlord may be held if injury results from a defect in construction and it appears that the improvement was built or installed by him or under his direction (*Dobbs v. Noble,* 55 Ga. App. 201, at 203 (3), supra), for in that event he is conclusively presumed to know of the defect (*Fuller v. Louis Steyerman & Sons,* 46 Ga. App. 830 (169 SE 508); *Stack v. Harris,* 111 Ga. 149 (36 SE 615)), or from failure to repair.

In some circumstances a landlord who leases premises to another, knowing at the time that a defective and dangerous condition exists from which the tenant, his invitee or even a stranger, may suffer harm, will be held liable. "A landlord who has leased premises to a tenant is not liable for a nuisance

maintained upon the premises, by the tenant, during the lease. If the nuisance existed upon the premises when the lease was made, the landlord is liable. But if the tenant continues the nuisance after he obtains exclusive possession and control, he alone is liable for its continuance." *Vason v. Augusta*, 38 Ga. 542. And see *Gardner v. Rhodes*, 114 Ga. 929 (41 SE 63, 57 LRA 749). (It is to be noted that even in that situation if the tenant continues the nuisance after taking over, the landlord is relieved, for it becomes the duty of the tenant to abate it.) "The landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." *Code* § 61-112. Does the last clause, "or for damages from failure to keep the premises in repair," afford a remedy to third parties if the landlord had no notice of the defect giving rise to a need for repair? It seems to have been settled by the decisions of both this court and the Supreme Court that it does not. Scienter or notice is essential. "A landlord is not liable for personal injuries to a servant of his tenant, arising from a defect in the rented premises of which the landlord had no knowledge and which he had not been notified to repair." *Ocean Steamship Co. v. Hamilton*, 112 Ga. 901 (1) (38 SE 204). "[T]he landlord's duty to keep the premises in repair does not, under any theory, result in making the landlord liable for a latent defect in the premises, simply because it existed at the time of the lease." *Elijah A. Brown Co. v. Wilson*, 191 Ga. 750, 751 (13 SE2d 779). The reason being, of course, that unless it is a defect in construction or installation the landlord is entitled to have notice and opportunity to make repairs. There is an exception if it appears that the landlord had actual knowledge of a latent defect at the time of leasing, for in that event the duty to repair had already arisen. Actual knowledge on the part of the Lowe brothers of the defective cutoff is not alleged.

"There is no duty of inspection resting upon the landlord to discover defects arising subsequent to the time of the lease, and

his duty to repair arises only on notice by the tenant of the existence of such defects, or by virtue of actual knowledge by the landlord of their existence." *Godard v. Peavy,* 32 Ga. App. 121 (1) (122 SE 634). "The landlord is under no duty to inspect the premises while the tenant is in possession. . ." *Ross v. Jackson,* 123 Ga. 657, 658 (51 SE 578). "[A]n inspection by the landlord is not required for the purpose of anticipating and discovering defects arising from an abnormal and improper use or misuse of [heating] equipment." *Kleinberg v. Lyons,* 39 Ga. App. 774 (2) (148 SE 535). This is because "the use of the tenements really belongs to the tenant during the lease; they are his property to use for the term for which they are rented; and the landlord has no right to enter upon them, except by permission of the tenant, during the term for which they are rented." *White & Co. v. Montgomery,* 58 Ga. 204, 207. Accord, *Freidenburg & Co. v. Jones,* 63 Ga. 612, 615.

Dealing with the last clause of § 61-112 in *Birdsey v. Greene,* 176 Ga. 688, 690 (168 SE 564) the Supreme Court asserted: "As we understand it, the section now under consideration was designed simply to embody a rule of law which was well settled and well understood at the time of its codification, and not to enlarge the duty devolving upon landlords with respect to the making of repairs, nor to impose upon them a harsher rule of responsibility than that to which they were already subject," and proceeded to hold that the duty to make repairs arises only when the landlord has notice of the defect. There is, then, no duty to third parties in this respect unless it appears that the defect was one about which the owner knew or of which he had notice.

There is no allegation that the floor heater having an automatic cutoff was installed by the owner, nor is it alleged that he was ever notified of any defect in the cutoff. As we have already determined, the defect was discovered when the agent of Howell Gas made the inspection at Pickler's instance. If Pickler was not informed of the defect by Howell's agent, he ought to have been on notice that something was wrong when the valve on that heater was closed so that gas could not flow through it. When he proceeded after that, by his employee, to reopen the

valve and place the heater in use, the negligence was that of the tenant—not the landlord. "As a general rule, the landlord is not liable to third persons for any injuries they sustain, occasioned by the wrongful act of his tenant, since the tenant is not the agent of the landlord, and he is not responsible as such for the tenant's misconduct." *Kleinberg v. Lyons,* 39 Ga. App. 774 (4), supra; accord, *Edgar v. Walker,* 106 Ga. 454, 458 (32 SE 582). Cf. *Bixby v. Sinclair Refining Co.,* 74 Ga. App. 626 (40 SE2d 677).

"[W]here a landlord . . . applies for gas, and a workman of the gas company reports to him for the purpose of making the connection, it is incumbent upon the landlord to protect his own interest and that of the tenants by seeing that such pipes are in a proper and safe condition. . . The rule is similar where a tenant applies for gas. It is his duty to protect his own interest and that of those occupying the premises under his control by seeing that the pipes within such premises are in a safe and proper condition." *Atlanta Gas Light Co. v. Sams,* 29 Ga. App. 446 (116 SE 21).

While it is alleged that the blower fan on the suspended heater was not in operating condition, it neither appears that this was any part of the cause of the explosion nor that this defect was brought to the owner's attention.

 What of the installation of the manually controlled heater by J. V. Lowe? He was not employed by the gas company nor was this done by its permission. But it is not alleged that the heater was in any wise defective itself or that the installation was done in an improper manner. It does not appear that the heater failed in any respect to work properly. The mere installation by Lowe without the company's permission was not negligence. *Liberty Homes, Inc. v. Stratton,* 90 Ga. App. 675, 678 (83 SE2d 818). And see *Flint Explosive Co. v. Edwards,* 84 Ga. App. 376, 391 (4) (66 SE2d 368); *Aycock v. Peaslee-Gaulbert &c. Co.,* 60 Ga. App. 897 (5 SE2d 598); *Etheridge v. Guest,* 63 Ga. App. 637, 639 (2) (12 SE2d 483); *Wade v. Drinkard,* 76 Ga. App. 159 (6) (45 SE2d 231); *Carpenter v. Lyons,* 78 Ga. App. 214, 218 (50 SE2d 850); *McKinney v. Burke,* 108 Ga. App. 501 (2) (133 SE2d 383).

It may have been negligence on the part of Pickler's employee to turn the heaters low—so low that they became extinguished from a draft, from a variation of pressure in the gas line, or from some other cause, and filled the room with gas that exploded from the pilot of the suspended heater, but that was not Lowe's negligence; it was Pickler's.

It is contended that the mere installing of the manually controlled heater in the same room with others having pilot lights and automatic cutoffs was negligence, but we can not agree. There is nothing wrong with a manually controlled heater itself. No matter where it may be installed it is incumbent upon one who uses it to do so in a safe and proper manner. Neither the Liquefied Petroleum Gas Act nor regulations issued thereunder prohibit its installation and use. It does not appear that the other heaters were not in proper operating condition when the manual heater was installed. Any heater or appliance, whether manual or automatic, may at some time after installation become inoperable. Whether it occurred before or after the tenant took possession under the lease does not appear. But it does appear that the tenant knew or should have known of the condition before the heaters were placed in use. Thus, if it was negligence to place the manually controlled heater in use along with another having a defective cutoff, that was the tenant's negligence, for it was the tenant, not the landlord, who did it.

Although gas is a highly explosive and dangerous substance (*Community Gas Co. v. Williams,* 87 Ga. App. 68, 78 (73 SE2d 119)), and a greater degree of care is to be exercised by those who deal with it than is required in the affairs of ordinary life (*Harvey v. Zell,* 87 Ga. App. 280, 285 (73 SE2d 605)), we can see no basis for holding the owners of the building negligent under the allegations of these petitions. Their general demurrers should have been sustained.

■ It is unnecessary to determine whether the allegations are sufficient to set out a cause of action against Howell Gas Company, for it appears that the court in which suit was filed has jurisdiction only if there is a cause of action against the Lowe brothers, who are residents of that county. Howell Gas Com-

pany is alleged to be a corporation having its office, place of business and agents in another county. Thus, for that reason, its general demurrers should have been sustained. *Richards & Associates v. Studstill*, 212 Ga. 375 (93 SE2d 3); *Lewis v. Wilson*, 111 Ga. App. 666 (142 SE2d 852). Cf. *Warren v. Rushing*, 144 Ga. 612 (1) (87 SE 775); *Jordan v. Charles S. Martin Distr. Co.*, 90 Ga. App. 186 (82 SE2d 263); *Charles S. Martin Distr. Co. v. Roberts*, 111 Ga. App. 653 (143 SE2d 11); *Ryder Automobile Leasing Co. v. Tates*, 112 Ga. App. 18 (143 SE2d 411).

■ This renders unnecessary any determination of whether there was error in rulings on the special demurrers.

*Judgments reversed. Nichols, P. J., and Pannell, J., concur.*