## A92A0992. ROBERTS v. ROBERTS.
### (422 SE2d 253)

SOGNIER, Chief Judge.

Horace W. ("Bob") Roberts brought a dispossessory action against his nephew, Randolph ("Randy") Roberts, in the Magistrate Court of Clayton County, seeking possession of a house he had rented to Randy. Randy answered and counterclaimed for damages under several theories, and the action was transferred to the State Court of Clayton County. Before the case came to trial, Randy vacated the premises, rendering moot the action for possession. At the trial on the counterclaim, at the close of Randy's evidence the trial court granted Bob's motion for directed verdict, and Randy appeals.

A directed verdict is proper "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). Appellant contends the trial court erred by directing a verdict for appellee because the evidence conflicted on several issues material to at least two of his theories of recovery, and consequently a verdict for appellee was not demanded.

The trial judge based his grant of the directed verdict on his conclusion that no contract to buy or sell real property existed between the parties to this action, and thus as a matter of law appellant could

not assert any claims against appellee stemming from any alleged breach of such a contract. Because we agree with appellant that his counterclaim, as amended, presented several claims based on theories of recovery independent of the existence of a contract between these parties for the sale of realty, regarding which questions of fact remained for jury determination, we reverse.

1. Appellant sought to recover the value of substantial improvements he and his father had made to the rented premises, and testified that appellee had agreed that the value of these improvements was to be deducted from the purchase price if and when appellant exercised his option to purchase the property. Appellant's status as appellee's tenant was established both by appellee's admission of that fact at trial and by uncontroverted evidence that it was appellant who had the right "to possess and enjoy the use of" the premises. OCGA § 44-7-1 (a). Regardless of the existence of any oral option agreement for the purchase of the property or the enforceability or lack of enforceability thereof, as appellant's landlord, appellee was statutorily "liable for all substantial improvements placed upon the premises by his consent." OCGA § 44-7-13. Since the evidence conflicted sharply regarding whether appellee approved the improvements made by appellant, a fact issue material to appellant's recovery on the counterclaim, see *West View Corp. v. Thunderbolt Yacht Basin,* 208 Ga. 93, 96 (1) (b) (65 SE2d 167) (1951); compare *May v. May,* 165 Ga. App. 461, 462-463 (3) (300 SE2d 215) (1983), jury resolution of this fact issue was required, and a directed verdict was inappropriate as to this claim. See generally *Read v. Benedict,* 200 Ga. App. 4, 7-8 (2) (406 SE2d 488) (1991).

2. In his counterclaim appellant also asserted entitlement to damages based on a constructive eviction from the rented premises when appellee twice had the water supply turned off in an effort to force appellant to leave. Unlike the situation that existed at common law, the exclusive method available today whereby a landlord may evict a tenant is the legal process set forth in OCGA § 44-7-50, and a landlord who seeks forcibly to evict a tenant by extralegal means may be liable to the tenant in damages, notwithstanding that the tenant is behind in rental payments. *Teston v. Teston,* 135 Ga. App. 321, 322 (2) (217 SE2d 498) (1975); *Entelman v. Hagood,* 95 Ga. 390 (1) (22 SE 545) (1894). The evidence at trial conflicted regarding appellee's purpose in having appellant's water turned off; when this was done; and with what effect. Because these issues of fact must be resolved in order to determine whether appellant is entitled to damages stemming from the water cutoff, a directed verdict was inappropriate as to this claim as well. See generally *Read,* supra.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Sexton, Moody & Renehan, Lee Sexton,* for appellant.
*Horace W. Roberts,* pro se.
*W. Henry Toler III,* for appellee.