S95G0028. COLQUITT v. ROWLAND.
(463 SE2d 491)

THOMPSON, Justice.

Lewis Colquitt rented a house to Mark Rogers who placed an above-ground swimming pool on the premises. Although the pool was only four feet deep, Rogers attached a diving board to it. Colquitt was aware of the dimensions of, and attachments to, the pool.

Linda Rowland attended a house party given by Rogers. She dove off the diving board into the pool, sustained injuries to her neck, and sued Colquitt, Rogers and the manufacturer of the pool.

The trial court granted summary judgment to Colquitt and Rowland appealed. The Court of Appeals reversed, holding that Colquitt could be liable for Rowland's injuries because he knew of, but failed to cure, the dangerous condition posed by the shallow pool and diving board. *Rowland v. Colquitt*, 214 Ga. App. 545 (448 SE2d 457) (1994).

Upon review by certiorari, we hold that Colquitt cannot be liable because Rogers erected the pool after Colquitt relinquished possession and control of the premises.

1. A landlord's liability to a third person who is injured on property which was relinquished by rental or under a lease is determined by OCGA § 44-7-14. *Howell Gas of Athens v. Coile*, 112 Ga. App. 732, 737 (146 SE2d 145) (1965). That Code section reads:

> Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

The Code section makes it clear that a landlord who relinquishes possession of the premises cannot be liable to third parties for damages arising from the negligence of the tenant. *Edgar v. Walker*, 106 Ga. 454, 458 (32 SE 582) (1899); see *Gardner v. Rhodes*, 114 Ga. 929, 933 (41 SE 63) (1902) (landlord not liable to third persons for nuisance created by tenant who had exclusive possession of premises). This is so because " 'the use of the tenements really belongs to the tenant during the lease; they are his property to use for the term for which they are rented; and the landlord has no right to enter upon them, except by permission of the tenant, during the term for which they are rented.' " *Gardner v. Rhodes*, supra (quoting *J. B. White & Co. v. Montgomery*, 58 Ga. 204, 207 (1877)). To rule otherwise, i.e., to impose liability on a landlord for the negligent acts of his tenant, would yield a harsh and unwanted rule. See *Goettee v. Carlyle*, 68 Ga. App. 288, 293 (22 SE2d 854) (1942).

The record demonstrates that Rogers erected the pool after Colquitt relinquished possession and control over the property. Thus, Rowland cannot rely upon OCGA § 44-7-14 to hold Colquitt liable. Compare *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989) (summary judgment for landlord inappropriate where damages arise from failure to repair heater installed by landlord before lease and landlord knew of defect).

2. Rowland argues that Colquitt can be held liable under OCGA § 44-7-13 even though he parted with possession because Rogers erected the pool with Colquitt's consent.

OCGA § 44-7-13 provides: "The landlord must keep the premises in repair. He shall be liable for all substantial improvements placed upon the premises by his consent." The clear import of this Code section is that the landlord is liable for the payment of costs for repairs

or improvements made to the property by the tenant. It thus imposes contractual, but not tort, liability on a landlord. See, e.g., *West View Corp. v. Thunderbolt Yacht Basin,* 208 Ga. 93, 96 (1) (b) (65 SE2d 167) (1951); *Roberts v. Roberts,* 205 Ga. App. 371, 372 (1) (422 SE2d 253) (1992). It is OCGA § 44-7-14 which deals with a landlord's tort liability "to third persons for damages."

We recognize that our courts have often cited OCGA § 44-7-13 (and its predecessor, Code Ann. § 61-111) along with OCGA § 44-7-14 (and its predecessor, Code Ann. § 61-112) in a tort context and that, therefore, the lines between these Code sections have been blurred.[1] However, our courts have never expressly held that OCGA § 44-7-13 renders a landlord liable in tort to a third person for damages and we do not do so now. To the extent that any case may have implied otherwise, it is hereby disapproved.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 13, 1995 —
RECONSIDERATION DENIED DECEMBER 4, 1995.

*Stuart Theodore, Donald W. Osborne,* for appellant.

*L. Chandler Vreeland, Jason R. Hasty, A. Gregg Loomis,* for appellee.

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, L. Bruce Hedrick, Franklin, Taulbee, Rushing & Bunce, Elizabeth F. Bunce, Flournoy & Gentry, Matthew C. Flournoy,* amici curiae.

---

[1] See, e.g., *Elijah A. Brown Co. v. Wilson,* 191 Ga. 750 (13 SE2d 779) (1941) (responsibility of landlord for personal injuries under Code Ann. § 61-111 is not absolute); *Mason v. Gracey,* 189 Ga. App. 150, 153 (375 SE2d 283) (1988) (OCGA §§ 44-7-13 and 44-7-14 impose liability for damages resulting in defects in the premises); *Vizzini v. Blonder,* 165 Ga. App. 840 (303 SE2d 38) (1983) (contention in negligence action that landlords breached statutory duty set forth in Code Ann. §§ 61-111; 61-112; and 105-401); *Country Club Apartments v. Scott,* 154 Ga. App. 217, 220, 221 (267 SE2d 811) (1980) (landlord cannot contract to relieve himself from tort liability for failure to satisfy his duties under Code Ann. § 61-111); *Kaplan v. Sanders,* 136 Ga. App. 902, 904 (222 SE2d 630) (1975) (landlord liable to others for damages arising from defective construction pursuant to Code Ann. §§ 61-111; 61-112); *Townsend &c. Enterprises v. W. R. Bean & Son,* 117 Ga. App. 109, 111 (159 SE2d 776) (1968) ("As to the liability of a landlord for failure to keep the premises in repair, and damages resulting therefrom, see Code §§ 61-111, 61-112"); *Howell Gas of Athens v. Coile,* 112 Ga. App., supra at 737 (rule in Georgia concerning landlord's liability to third parties who suffer injuries is found in Code Ann. §§ 61-111 and 61-112); *Big Apple Super Market v. W. J. Milner & Co.,* 111 Ga. App. 282, 284 (141 SE2d 567) (1965) (action in tort based on landlord's duty to repair under Code Ann. § 61-111).