## 53510. EPPS v. EPPS.

WEBB, Judge.

James Herman Epps, as administrator C.T.A. of the estate of Henry Herman Epps, brought this action to recover certain monies alleged to have been converted by Frank Whaley Epps. The uncontroverted facts are as follows.

Henry Herman Epps, the father of James Herman and Frank Whaley Epps, died testate on September 24, 1970. His will was filed with the ordinary of DeKalb County but not probated, and his estate was unrepresented until James Herman was granted letters of administration C.T.A. on April 4, 1974. Certain property of the estate of Henry Herman was set aside and conveyed to his widow, now deceased, for her support and maintenance but the remainder of the estate remained intact. At the time of his death Henry Herman owned fifty percent of the capital stock of Epps & Company, a Georgia corporation, and the remainder was owned by Frank

Whaley. Epps & Company owed $16,000 to Henry Herman which was never repaid. The corporation ceased business on December 31, 1970, and a final tax return was filed. Frank Whaley then proceeded to liquidate the corporation's assets,[1] personally handling the liquidation of the business, a retail liquor store, and the distribution of the funds. He paid the corporate debts, paid $13,500 to his mother, and paid $2,500 to himself, but the loan due Henry Herman was not paid. When asked what happened to the remaining $24,000 he testified, "I have no earthly idea." He also withdrew $8,310.80 from Henry Herman's bank account and placed it in a joint savings account belonging to him and his mother. Shortly after the liquidation he purchased a Cadillac, traded it in on a Mercedes, bought a houseboat, spent at least $7,000 on a gambling trip to Las Vegas and wrote an unexplained check for $130,000 to one Edward F. Edwards. He supports himself, a former wife and two children on a reported income of $18,000 a year and unreported gambling income of an unknown amount.

The trial court directed a verdict against Frank Whaley for the $16,000 admitted to be due to the estate of Henry Herman and the $8,310.70 withdrawn from his bank account, plus interest. The issue of the remainder of the corporation's assets went to the jury, which returned a verdict of $11,090.83, and also awarded $10,000 punitive damages and attorney fees. This verdict was reduced to judgment and is now appealed.

---

[1] The financial status of the corporation was as follows:

### ASSETS

| | | |
|---|---|---|
| (1) | Building and fixtures | $26,045.52 |
| (2) | Cash and bank deposits | 9,808.51 |
| (3) | Inventory (value on return) | 26,704.52 |
| | Total | $62,558.55 |

### LIABILITIES

| | | |
|---|---|---|
| (1) | Accounts payable | $22,191.12 |
| (2) | Loan to H. H. Epps | 16,000.00 |
| (3) | Shareholder's equity | 24,367.43 |
| | Total | $62,558.55 |

1. Appellant contends that he is not liable for the withdrawal of the $8,310.70 because the bank account was in the name of Henry Herman and Julie F. (his mother) Epps and therefore his mother could authorize or ratify his action. We do not agree. Although Julie Epps was authorized to sign checks on this account, she was not a joint owner of it, and upon Henry Herman's death the money became a part of his estate and title was vested in the administrator or executor thereof for the benefit of heirs and creditors. Code Ann. § 113-901. The estate was unrepresented at the time of the withdrawal[2] and the bank account was not set aside in the year's support proceeding. Thus until an administrator was appointed, distribution of the estate's assets was improper. See Code §§ 113-907, 113-908. Clearly Frank Whaley had no authority to withdraw the funds and his mother had none to condone his acts.

2. Appellant's assertion that James Herman had no standing to bring this action is without merit. He does not deny that James Herman is the duly appointed administrator of the estate or that the estate remains intact (other than the year's support award). "Upon the appointment of an administrator, the right to possession of the whole estate is in him, and, as long as such administrator continues, the right to recover possession of the estate from third persons is solely in him. . . If personal property is held adversely to an estate which has no legal representative, the only legal way to recover it is to have an administrator appointed and have him bring suit in his name as such representative." 2 Redfearn, Wills and Administration in Georgia (1965) 18, § 277, Code § 113-907.

3. Appellant's arguments that he is not liable for conversion of the assets of Epps & Company are not supported by the record. He liquidated the corporation's assets and distributed the monies, apparently paying $22,191.12 to creditors. But he did not pay $16,000 to

---

[2] Julie Epps was named as executrix and ultimate beneficiary under Henry Herman's will which was never probated, and she never qualified as executrix.

Henry Herman's estate although Henry Herman was a creditor. He admitted paying $16,000 to his mother and himself and admitted that $16,000 was available for payment of Henry Herman's loan. Obviously a verdict was properly directed for this amount.

The amount due the estate representing half the liquidated equity value of the corporation was a jury question. The jury found the sum to be $11,090.83, which was well justified based upon the testimony of Frank Whaley and his accountant together with the financial records and tax returns of the corporation.

4. The evidence established that Frank Whaley took money from Henry Herman's bank account without authority; that he liquidated a corporation and used over $40,000 of its assets for his own purposes when he was only entitled to approximately $12,000; that he submitted false affidavits and testimony regarding the use of the money; and that he made false statements in his deposition about the $16,000 loan due the estate. He spent thousands of dollars on luxury items and gambling trips shortly after liquidation of the corporation. This was more than sufficient to authorize the jury's determination that he had acted in bad faith and was guilty of wilful misconduct and fraud so as to authorize punitive damages and attorney fees. *Ponce de Leon Condominiums v. Di Girolamo,* 238 Ga. 188 (1) (232 SE2d 62) (1977).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

Argued March 2, 1977 — Decided March 9, 1977 — Rehearing denied March 22, 1977 —

*William D. Smith,* for appellant.
*Schreeder, Wheeler & Flint, David H. Flint, Warren O. Wheeler, Lawrence S. Burnat,* for appellee.