**WESTCHESTER FIRE INSURANCE COMPANY, et al., Appellants,**

v.

**AMERICAN GENERAL FIRE AND CASUALTY COMPANY, Appellee.**

No. 3–89–150–CV.

Court of Appeals of Texas, Austin.

May 23, 1990.

Lynn S. Castagna, Bankston, Wright & Greenhill, Austin, for appellants.

George Slade, John F. Williams, Clark, Thomas, Winters & Newton, Austin, for appellee.

Before POWERS, JONES and SMITH,* JJ.

POWERS, Justice.

American General Fire and Casualty Insurance recovered summary judgment that it had no obligation to defend against or pay a claim brought against Masonry Products, Inc. by reason of the death of a Masonry employee. Masonry appeals,

joined by its workers' compensation carrier, Westchester Fire Insurance Company. We will affirm the judgment.

## THE CONTROVERSY

Joseph A. Mireles, Masonry's employee, was killed by electricity while operating a truck-mounted crane that struck a power line owned by the City of Austin. Westchester paid the death benefits required by the workers' compensation law.

Mireles's family sued the City of Austin for additional damages. The City joined Masonry, averring against the company the statutory cause of action for indemnity provided for certain operations conducted near high voltage overhead lines of the kind in question. The statute [1] provides:

> If a violation of this chapter results in physical or electrical contact with a high voltage overhead line, the person, firm, corporation or association that committed the violation is liable to the [City] for all ... liability that the [City] incurs as a result of the contact.

Masonry notified American of the City's suit for indemnity. American declined to defend Masonry under either of the company's two liability policies.[2] Masonry sued

---

\* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003.

1. The statutory cause of action for indemnity was authorized in 1971 Tex.Gen.Laws, ch. 41, at 76. It was originally codified as Tex.Rev.Civ. Stat. art. 1436c, § 7(b), then subsequently repealed and recodified as Tex. Health & Safety Code Ann. § 752.008 (Pamp.1990), a part of Chapter 752 of the Code. Chapter 752 sets out various restrictions upon operations conducted near high voltage overhead lines such as that involved in Mireles's death.

2. The first policy is entitled a "Texas Commercial Multi–Peril Policy," one part of which provides Masonry with liability coverage in the following terms:

> The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury ... to which this insurance applies, caused by an occurrence and arising out of ... all operations necessary or incidental to the business of the named insured....

There follow some 17 subsections listing as many "exclusions" to which "[t]his insurance

does not apply," ranging from liability assumed by the insured in a contract or agreement, to liability resulting from the operation of watercraft, to liability resulting from demolition operations. Subsection (j) provides the insurance does not apply:

> to bodily injury to any employee of the insured arising out of and in the course of his *employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury.*

The second policy is entitled "General Liability—Automobile Policy," one part of which provides Masonry with liability coverage in the following terms:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... bodily injury ... to which this insurance applies, caused by an occurrence and arising out of the ... use ... of any automobile....

There follow six subsections listing as many "exclusions" to which "[t]his insurance does not apply." Subsection (c) provides the insurance does not apply:

> to bodily injury to any employee of the insured arising out of and in the course of his

American in the present case to establish the latter's obligation to defend against and to pay the City's claim against Masonry. American appeared, then moved for summary judgment that the City's claim came within an exclusion in each of the two policies. The trial court sustained the motion and this appeal ensued.

## DISCUSSION AND HOLDINGS

The exclusions relied upon by American declare that the insurance does not apply:

> To bodily injury to any employee of the insured arising out of and in the course of his employment by the insured *or to any obligation of the insured to indemnify another because of damages arising out of such injury.*

(Emphasis added.) The parties join issue on whether the damages claimed by the City are, in the words of the exclusion, "damages arising out of" bodily injuries sustained by Mireles, who was admittedly working in the course of his employment at the time of his death. The City's action is conceded to be a claim for indemnity.

Masonry argues that the City's claim against the company arises not from Mireles's injuries but from Masonry's violation of the statutory provisions for which the City claims the statutory cause of action for indemnity. Thus, the City's claim cannot fall within the policy exclusion which is limited to claims for damages arising out of bodily injury to an employee. In a less abstract sense, of course, the City's claim arises from *both* the statutory violations and the employee's resulting injuries.

Masonry's theory lacks an essential prerequisite—an ambiguity in the language of the policy exclusion. We are not free to vary, by construction, the scope of an exclusion that is unambiguous in its terms. *Royal Indem. Co. v. Marshall,* 388 S.W.2d 176 (Tex.1965).

We do not believe the language of the exclusion is susceptible of two reasonable meanings. In context and in the language

employed, the exclusion was plainly intended to exclude any obligation on American's part to pay *any* liability incurred by Masonry *by reason of bodily injury sustained by an employee,* whether that liability was *direct* (as in the case of a claim against Masonry by an employee or his survivors) or *indirect* (as in the case of a secondarily-liable party who becomes entitled to indemnity by discharging an obligation for which Masonry is primarily liable). The language of the exclusion explicitly states as much; the policy context reveals that employee injuries *as a class* were only one of several classes of risk American expressly declined to insure [3].

The sole authority relied upon by Masonry is *Houston Lighting & Power Co. v. Eller Outdoor Advertising Co.,* 635 S.W.2d 133 (Tex.App.1982, writ ref'd n.r.e.). The decision rests exclusively upon the construction of two statutes. The opinion is therefore inapposite in construing a policy exclusion, which is the substance of the issue here. *Paramount Nat'l Life Ins. Co. v. Raupe,* 678 S.W.2d 752, 753 (Tex. App.1984, writ ref'd n.r.e.) (policy exclusion of injuries sustained in operating a "two-wheel vehicle" not rendered ambiguous by fact that "bicycle," upon which plaintiff was injured, was omitted from definition of "vehicle" in statute regulating traffic on streets and highways).

We hold the language of the exclusion unambiguously excludes from coverage claims for indemnity arising out of bodily injuries to Masonry employees. It is undisputed that the City's claim is one arising out of such an injury, even though the claim takes the form of a suit for indemnity. The form is immaterial in our view.

For the reasons given, we affirm the trial-court judgment.

---

employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury;
....

**3.** *See supra* note 2.