A97A0451. DIFFLEY v. MARSHALL'S AT EAST LAKE et al.
(489 SE2d 123)

RUFFIN, Judge.

Marshall's at East Lake Partnership ("Marshall's") is the owner of a shopping center which was managed by New Market Companies, Inc. as the general partner of New Market Management Company, L.P. (collectively "New Market"). Kitty Diffley worked at Great Clips Hair Salon ("Great Clips"), a business located in Marshall's shopping center. Nail Art, a manicurist business, was located adjacent to Great Clips in the shopping center. Diffley sued Marshall's, New Market, and Nail Art for injuries she allegedly suffered from her exposure to toxic odors emitted by chemical solutions used by Nail Art. The trial

court granted summary judgment to Marshall's and New Market, and Diffley appeals. For reasons which follow, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." (Emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In this case, Diffley alleged that her exposure to the toxic odors which escaped from Nail Art injured her eyes. According to Diffley, the toxic odors constituted a nuisance, and New Market breached its duty of maintaining the premises in a sanitary and safe condition by allowing Nail Art to maintain this nuisance. Diffley further alleged that New Market was Marshall's agent and that New Market's knowledge of the problem was therefore imputed to Marshall's.

Both New Market and Marshall's moved for summary judgment on the ground that OCGA § 44-7-14, which addresses landlord tort liability, relieved them of liability to Diffley for a nuisance created and maintained by Nail Art. OCGA § 44-7-14 provides that after a landlord has "fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." "The Code section makes it clear that a landlord who relinquishes possession of the premises cannot be liable to third parties for damages arising from the negligence of the tenant. [Cits.]" *Colquitt v. Rowland*, 265 Ga. 905, 906 (1) (463 SE2d 491) (1995). This limitation of liability to third parties applies equally to co-tenants and includes uses of leased premises that create a nuisance. *Adair v. Allen*, 18 Ga. App. 636 (3) (89 SE 1099) (1916). " 'Whatever may be the character of the nuisance, the action must . . . be brought against the person who creates or the

one who maintains the same.'" Id. at 637.

In this case, it is undisputed that the fumes which allegedly caused Diffley's injuries originated in Nail Art's leased premises. Diffley admits in her appellate brief that "[a]s part of its business, Nail Art treated finger and toe nails with chemical solutions. Nail Art used chemical solutions which emitted strong odors. The odors emitted by these chemicals have toxic characteristics. Toxic fumes escaped from Nail Art's premises. The toxic fumes caused irritation to customers and employees of stores located in the vicinity. . . . Due to the close proximity of [Diffley's] place of business to that of Nail Art, she was exposed to the toxic fumes which escaped."

In light of evidence that Nail Art leased the premises and was in full possession during the time that the nuisance was created, we find that despite defendants' alleged knowledge of the fumes, they have met their burden of showing that OCGA § 44-7-14 relieved them of liability to Diffley for the nuisance created and maintained by Nail Art. See *Adair*, supra; *Colquitt*, supra; see also *Gardner v. Rhodes*, 114 Ga. 929, 932 (41 SE 63) (1902).

We further find that Diffley has failed to point to any evidence creating a triable issue concerning these defendants' liability under OCGA § 44-7-14. Although Diffley indicates in her appellate brief that "the landlord" had taken some action to modify a ventilation system, she cites no *evidence* in the record supporting this assertion or showing how this creates a triable issue. Furthermore, contrary to Diffley's contention, the defendants in this case did not have a duty to affirmatively disprove Diffley's case, but only to show by the record that there was an absence of evidence to support her case. *Lau's Corp.*, supra. Once the defendants met this burden, Diffley could not, as she often does in her appellate brief, rely on the allegations in her complaint, but was required to "point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id. at 491. Although Diffley's admissions in her appellate brief concerning the origin of the nuisance can be used against her, she cannot rely on unsubstantiated statements in her brief to establish that the defendants had a duty to abate the nuisance in this case. See *Bates v. Guaranty Nat. Ins. Co.*, 223 Ga. App. 11, 14-15 (2) (476 SE2d 797) (1996). The record in this appeal is approximately 1,500 pages long, and under the rules of this Court, Diffley was required to support her assertions "by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." Court of Appeals Rule 27 (c) (3) (i). See also *Bates*, supra at 15 (" 'It is well-settled that an appellate court will not cull the record in search of error on behalf of one of the parties. (Cits.)' [Cit.]").

Because the evidence shows that Diffley's alleged injuries were caused by Nail Art's use of the leased premises, and Diffley failed to

respond with specific facts giving rise to a triable issue concerning Marshall's and New Market's liability under OCGA § 44-7-14, we find no error in the trial court's grant of summary judgment. See id.; *Colquitt*, supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JULY 15, 1997.

*Cauthorn & Phillips, Thomas E. Cauthorn III*, for appellant.

*Freisem, Macon, Swann & Malone, Barclay T. Macon, Jr., Long, Weinberg, Ansley & Wheeler, Alan L. Newman, Michele L. Davis, Kari A. Mercer, Arnold E. Gardner*, for appellees.