A97A2090. BIRD et al. v. KMART CORPORATION.
(494 SE2d 541)

BLACKBURN, Judge.

Thomas Byron Bird and Marsha Bird, husband and wife (the Birds), sued Kmart Corporation for injuries sustained by Mr. Bird from an alleged fall in a Kmart department store. The trial court granted summary judgment in favor of Kmart, and the Birds appeal.

"Summary judgment is appropriate when the court, viewing all the evidence and drawing all reasonable inferences in a light most favorable to the nonmovant, concludes that the evidence does not create a triable issue as to each essential element of the case. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." (Punctuation omitted.) *Arwood v. Tzen*, 224 Ga. App. 722 (481 SE2d 874) (1997), citing *Lau's*

*Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The facts, viewed in a light most favorable to plaintiffs, show that Mr. Bird, a partially paralyzed man who walks with a cane, slipped and fell in the men's bathroom at Kmart on September 4, 1994. There were no witnesses to Mr. Bird's fall, and the only evidence that it occurred is contained in the Birds' depositions and affidavits.

Bird testified that, due to his disability, he is very cautious and observant when he walks and that when he enters a room his main concern is the condition of the floor. He further testified that he entered the bathroom at approximately 4:55 p.m., walked just inside the door, and slipped on a thin layer of pink soap on the floor. The floor was light in color, and Bird estimated that approximately eight ounces of pink soap had been spilled. Bird also deposed that soap was generally all over the floor, that the bathroom was a "wreck," that the soap dispenser had been knocked off the wall, that the soap had been tracked in every direction as if someone had "partied" in it, that the sink was covered with soap, and that there were used paper towels and other debris littering the floor near a garbage can "on the left hand wall away from the sink area."

Bird indicated that he did not notice the soap or other debris littering the bathroom floor until after his fall and that he could not have seen the soapy tracks on which he slipped because they were so faint. Bird deposed that he remained in the bathroom for 15 to 20 minutes after his fall, struggling to get back on his feet.

Upon leaving the bathroom, Mr. Bird rejoined his wife and other members of his family who had been shopping in the store. He told them about the fall, that he was embarrassed about it and that he wanted to leave the store immediately. The group then left without reporting the incident to any Kmart employee.

Two days later, Mrs. Bird reported her husband's alleged fall to Robert Benjamin, loss prevention manager for Kmart. Robert Benjamin stated in his affidavit that Mrs. Bird reported that the fall had occurred at 3:30 p.m. on September 4, 1994. Mrs. Bird, however, contends that she told Benjamin that they *arrived* at Kmart at 3:30 p.m. and that Benjamin did not ask her when the fall occurred.[1] For summary judgment purposes, we accept plaintiffs' version of this exchange.

The standard of proof necessary to establish liability on the part of a proprietor under these facts is set forth in *Alterman Foods v.*

---

[1] Contrary to the trial court's ruling, the inconsistent testimony rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986) does not apply to the apparent contradiction between Mrs. Bird's sworn statement that her husband fell around 5:00 p.m. and Benjamin's sworn statement that she said the fall occurred at 3:30 p.m.

*Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). "[T]o state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." Id. at 623.

Bird has produced no evidence that Kmart had any knowledge, either actual or constructive, of the defective condition to which he attributes his injuries. Neither is there any evidence of record from which such knowledge could be inferred. Therefore, Bird has failed to meet his burden as to one of the essential elements of his claim, which must therefore fail. *Lau's Corp. v. Haskins*, supra. The trial court did not err in granting summary judgment to Kmart.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 19, 1997 —
RECONSIDERATION DENIED DECEMBER 3, 1997.

*Barr, Warner, Lloyd & Henifin, John V. Lloyd*, for appellants.
*Brannen, Searcy & Smith, Daniel C. Cohen*, for appellee.