A98A0869. DARNELL v. HOUSTON COUNTY BOARD OF EDUCATION et al.
(506 SE2d 385)

Judge Harold R. Banke.

Seeking damages for incidents occurring during and after he officiated a school basketball game, Lowell E. Darnell sued the Houston County Board of Education ("Board"), James Snyder, as Tabor Middle School principal and individually, along with James Moneypenny, Robert Davis, and Reginald West. Enumerating three errors, Darnell appeals the summary judgment awarded to the defendants.

The evidence, when viewed most favorably toward Darnell, was as follows. *Bird v. Kmart Corp.*, 229 Ga. App. 630 (494 SE2d 541) (1997). During a middle school boys' basketball game, after Coach Moneypenny of Tabor Middle School became upset with an officiating call, Darnell gave him a technical foul. Moneypenny then continued to berate Darnell and the other referee claiming they were "blind," "stunk," and were "chicken sh—." According to Darnell, Moneypenny slammed his body into him and bumped into him. Darnell then gave Moneypenny a second technical foul and ejected him from the game. Feeling that he had been unduly threatened, Darnell began inquiring into the process for obtaining an assault warrant against Moneypenny.

At the conclusion of the game, Principal Snyder instructed a security officer, Deputy Davis, who was assisted by Officer West, to remove Darnell for security reasons from the gymnasium. According to Snyder, he feared the possibility of trouble triggered by the intense

rivalry between the two schools. When Darnell refused to leave and resisted, the officers escorted him out anyway. According to Darnell, he had intended to await the arrival of a police officer to discuss possible criminal charges against Moneypenny and had not completed his post-game officiating duties.

Darnell brought suit against Moneypenny, the Board, Snyder, and the two police officers who escorted him out. Darnell sued Moneypenny for being verbally abusive and for bumping him. He sued Snyder for failing to ensure his safety and for having him forcibly removed. Darnell asserted that the Board, through its agents, Moneypenny and Snyder, failed to ensure his safety and failed to properly instruct its agents and employees. Darnell brought claims for false arrest, use of excessive force, and 42 USC § 1983 against the two officers. Although Darnell asserted that he was "humiliated, embarrassed and traumatized," he admitted that he never sought any counseling for any mental or emotional complaints, depression, or anxiety. Nor did he seek any other medical attention. Darnell conceded that he was fully compensated for his officiating work. *Held*:

1. In order to consider Darnell's contention that material issues of disputed fact precluded summary judgment, we must separately consider his claims against each defendant.

Sovereign immunity extends to the State and all its departments and agencies unless it is waived by a legislative act. *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994). Thus, the Board, as an entity of the State, in the absence of any applicable exception or statutory waiver, was shielded by sovereign immunity, and Darnell could not proceed against it. *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121, 122 (464 SE2d 251) (1995). See *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995); accord *Woodward v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581) (1995).

Nor could Darnell prevail against the Board on his claims asserted under 42 USC § 1983 for alleged deprivation of federal rights under color of state law. In order to impose liability under 42 USC § 1983, Darnell had to show a nexus between a policy of the Board and the alleged violation of his federally protected rights. *Tillman v. Masten*, 216 Ga. App. 3, 4 (453 SE2d 85) (1995). This he failed to do. Darnell offered no evidence that the Board intentionally or deliberately promulgated or tolerated any impermissible policy. *Tillman*, 216 Ga. App. at 4. See *Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (1) (434 SE2d 488) (1993) (party seeking waiver of immunity bears burden of proof).

Further, because Snyder had official immunity in these circumstances, he was entitled to summary judgment. State law imposes a duty upon every principal to exercise control over school buildings

and grounds to prohibit the presence of persons who do not have a legitimate need to be on the school premises. OCGA § 20-2-1180. Even assuming for the sake of argument only that Snyder improperly exercised his discretion by having Darnell removed from the gymnasium, he and the Board were entitled to immunity. *Hemak v. Houston County School Dist.*, 220 Ga. App. 110, 114 (469 SE2d 679) (1996).

As to the claims lodged against Davis and West, Darnell failed to offer evidence that their actions were wilful, malicious, or corrupt or undertaken in reckless disregard for his safety. *Alford v. Osei-Kwasi*, 203 Ga. App. 716, 721 (2) (418 SE2d 79) (1992). The officers did not place Darnell under arrest and Darnell admitted that they did not inflict any injury which necessitated medical attention. Even assuming arguendo that Davis and West acted negligently in the manner in which they escorted Darnell, as law enforcement officials, they were entitled to qualified immunity for discretionary acts performed in a negligent manner. *Banks v. Patton*, 202 Ga. App. 168, 169 (2) (413 SE2d 744) (1991); *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). See *Christensen v. State of Ga.*, 219 Ga. App. 10, 14 (7) (464 SE2d 14) (1995).

The sole remaining question is whether summary judgment was improvidently granted to Moneypenny. A cause of action for assault and battery can be supported by even minimal touching. *Jarrett v. Butts*, 190 Ga. App. 703, 705 (4) (379 SE2d 583) (1989). See *Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 670, 672 (1) (347 SE2d 619) (1986) ("unlawful touching" includes offensive touching which proceeds from anger or rudeness). OCGA § 51-1-14. The test " 'is what would be offensive to an ordinary person not unduly sensitive as to his dignity.' " *Newsome*, 179 Ga. App. at 672, quoting Prosser, Law of Torts, § 9, p. 37 (4th ed. 1971).

Here, although Moneypenny claimed that he did not touch Darnell, West testified that he saw what appeared to be physical contact. Moreover, according to Darnell, as a referee with more than 20 years experience, he had absorbed his share of criticism from coaches and fans, but it was his opinion that Moneypenny's conduct was abusive and highly improper. In light of the disputed evidence concerning Moneypenny's remarks and whether Moneypenny intentionally slammed into Darnell and bumped him backwards, a jury must determine whether this conduct constituted wilful or malicious actions falling outside the reach of immunity. *Coffee County*, 216 Ga. App. at 296. See *Teston v. Collins*, 217 Ga. App. 829, 830 (1) (459 SE2d 452) (1995) (nature of the lawsuit determines applicability of immunity not defendant's job title).

2. Darnell's claim that the trial court erred in entering judgment without first unsealing and considering certain depositions was ren-

dered moot by our holding in Division 1. In any event, Darnell failed to sustain his evidentiary burden of showing harm by providing specific citations to the record. *Diffley v. Marshall's*, 227 Ga. App. 343, 345 (489 SE2d 123) (1997) (appellate court will not cull the record in search of error). Court of Appeals Rule 27 (c) (2). To claim "error" without precisely pointing to the harm is not sufficient.* Id.

3. Having determined that four of the five defendants were entitled to judgment as a matter of law and that summary judgment must be reversed as to the remaining defendant, we find that Darnell's remaining enumeration of error is now moot.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 18, 1998 —
RECONSIDERATION DENIED SEPTEMBER 22, 1998 —

*Pamela Richards-Greenway*, for appellant.
*Daniel, Lawson, Tuggle & Jerles, William R. Jerles, Jr., Chambers, Mabry, McClelland & Brooks, Virginia J. Reed,* for appellees.

---

* Darnell asserted claims for breach of contract and tortious interference with contract against various defendants, contending that a contractual duty to provide him with a safe working environment had been breached. However, on appeal, he failed to support these claims with specific citations to the record.