A99A1491. BTH HOLDINGS, INC. v. BET USA, INC.
(521 SE2d 670)

BLACKBURN, Presiding Judge.
BTH Holdings, Inc. appeals the trial court's order granting summary judgment to the defendant, BET USA, Inc., in the underlying declaratory judgment action involving the interpretation of the indemnity provision contained in a stock purchase agreement. BTH also contends that the trial court erred in denying its motion for partial summary judgment. For the reasons set forth below, we reverse the trial court's order granting summary judgment to BET and denying BTH's motion for partial summary judgment.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard

of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The underlying declaratory judgment action involved the construction of an indemnity provision contained in a stock purchase agreement entered into between BTH and BET, by which BTH purchased all of the stock of SIPCO Services & Marine, Inc. from BET. The trial court determined that under the facts presented, BTH was not entitled to indemnification from BET.

BET owned SIPCO from September 25, 1986 to September 26, 1993. During 1991 and 1992, Sidney Ervin worked for SIPCO at another company's (Brown & Root, Inc.'s) Bayou facility. BTH purchased SIPCO's stock from BET in 1993. In 1995, Ervin, the former SIPCO employee, sued Brown & Root and others, claiming that he had developed lung disease as a result of his exposure to airborne contaminants while he was working for SIPCO at Brown & Root. Brown & Root cross-claimed against SIPCO, alleging that the subcontract between SIPCO and Brown & Root obligated SIPCO to indemnify it for all liability, fees, and costs incurred as a result of the Ervin suit.

In the present case, BTH, the present owner of SIPCO, contends that the indemnity provision contained in the stock purchase agreement requires that BET, the owner of SIPCO when Ervin's claim arose, indemnify its losses resulting from the Ervin suit. The stock purchase agreement provided that Texas law applied to its interpretation and construction. The indemnity provision contained in the stock purchase agreement pertinently provides that:

> [BET] agree[s] . . . to indemnify and hold [BTH] harmless from and against any and all loss, liability, obligation, damage, cost or expense . . . incurred or suffered by or asserted against [BTH], directly or indirectly . . . , as a result of or in connection with . . . (c) claims of employees of [SIPCO] with respect to occupational disease or injuries with respect to events, circumstances or conditions which existed, arose or occurred during the period after [September 25, 1986] and prior to [September 26, 1993]; (d) any third party liability claims which were made prior to [September 26, 1993] for damages arising from accidents, for which [SIPCO] is responsible and which accidents occurred after [September 25, 1986] and prior to [September 26, 1993] (i) for claims

which do not exceed $50,000 and (ii) for such claims which are in excess of $50,000 and which are listed on Schedule 10.1.2 (d); (e) third party claims or potential claims arising from events occurring after [September 25, 1986] and prior to [September 26, 1993] which are listed on Schedule 10.1.2 (d) hereof.

Schedule 10.1.2 (d) contains a list of claims involving specific parties or incidents which had occurred previously.

Pursuant to the language of the indemnity provision contained in the stock purchase agreement, we must determine whether Brown & Root's claim for indemnity against BTH, for the damages it is required to pay based on Ervin's injuries, is a claim for an injury asserted against BTH "directly or indirectly as a result of or in connection with" a claim of an employee with respect to an occupational disease.

Texas law provides that

[i]ndemnity agreements are to be strictly construed in favor of the indemnitor. However, the doctrine of strictissimi juris is not a rule of construction; it is a rule of substantive law applicable only after the parties' intent has been ascertained through ordinary rules of construction. In determining intent, the general rule is that words and phrases will be given their ordinary, popular, and commonly accepted meaning.

(Citations omitted.) *Keystone Equity Mgmt. v. Thoen*, 730 SW2d 339, 340 (Tex. App. 1987). "In construing contracts we must seek the intention of the parties from the language used in the contract. All of the language used is to be considered." (Punctuation omitted.) *Amoco Chem. Corp. v. Sutton*, 551 SW2d 459, 466 (Tex. App. 1977).

In *Westchester Fire Ins. Co. v. American Gen. Fire &c. Co.*, 790 SW2d 816 (Tex. App. 1990), an insured sued its insurer to establish the insurer's obligation to defend it against a third-party's claim of indemnification for liability for the death of an employee of the insured. In determining the applicability of an exclusion to the insurance contract, the Texas Court of Appeals found that the third-party's claim for indemnification arose out of an injury to an employee, which was excluded from coverage. Id. The court specifically held that "[i]t is undisputed that the [third-party's] claim is one arising out of such an injury, even though the claim takes the form of a suit for indemnity. The *form is immaterial in our view*." (Emphasis supplied.) Id. at 818.

Similarly, in the present case, the form of the suit against BTH

is immaterial. BET agreed to indemnify BTH against any and all losses asserted against BTH directly or indirectly as a result of a claim of an employee with respect to occupational diseases which arose during a certain period of time. Brown & Root's claim for indemnity against BTH is based on its potential liability for the occupational disease of a former employee of BET. This scenario falls squarely within the indemnity provision contained in the stock purchase agreement as a covered indirect claim.

BET contends that indemnity provisions (d) and (e) regarding third-party claims more specifically address the present situation and provide that indemnification is not required under the present facts. This contention is without merit. The provisions reflecting indemnification for third-party claims merely provide indemnification for additional claims, and they do not restrict the indemnification provided for in the earlier provision of the agreement. Where a contract unambiguously provides for indemnity of a claim in one section and, yet, the same claim does not fall within the parameters of another portion of the indemnity provisions, indemnification is still appropriate. The claim need not fall under each provision for indemnity unless the contract clearly requires such. This is not such a contract.

Interpreting the entire indemnity provision as a whole and giving meaning to all words and phrases, the parties clearly intended that BTH would be indemnified for all claims resulting from occupational diseases of SIPCO employees arising during a specific period of time. Therefore, because the form of the suit brought by Brown & Root is immaterial, see *Westchester Fire Ins. Co.*, supra, the trial court erred in determining that BTH was not entitled to indemnification. BTH's motion for summary judgment should have been granted, and BET's motion for summary judgment should have been denied.

*Judgment reversed. Barnes and Ellington, JJ., concur.*

DECIDED AUGUST 17, 1999 —
RECONSIDERATION DENIED AUGUST 31, 1999

*Shapiro, Fussell, Wedge, Smotherman & Martin, Nicholas S. Papleacos*, for appellant.
*Gorby & Reeves, Michael S. Reeves*, for appellee.