## A00A0465. FOSTER v. RAMSEY.

(536 SE2d 550)

BLACKBURN, Presiding Judge.

In this dispute arising out of the disposition of an estate, Samuel Foster, the husband of Sara A. Foster, deceased, appeals the trial court's grant of summary judgment to Martha Ramsey, the decedent's daughter and executrix of the estate of Sara A. Foster (Decedent). Foster contends that the trial court erred by resolving the conflicting claims to certain property because questions of fact remain with regard to: (1) whether money held in a bank account in Decedent's name was property of the estate; (2) whether he is entitled to reimbursement from the estate for certain expenditures; and (3) whether certain jewelry was property of the estate. For the reasons set forth below, we affirm in part and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*BTH Holdings v. BET USA*, 239 Ga. App. 759-760 (521 SE2d 670) (1999).

So viewed, the evidence shows that the Last Will & Testament named Ramsey, Decedent's daughter, as executrix of the estate. Decedent bequeathed any money in her checking accounts to her husband, Samuel Foster. She bequeathed and devised everything else, specifically including her personal property and the money in her savings accounts, to her daughters, Ramsey and Sara Phelps.

Ultimately, Foster filed a complaint in the Superior Court of Dougherty County asserting that the estate was indebted to him for expenditures made on behalf of the estate and that Ramsey was indebted to him for funds withdrawn from a joint account. Ramsey and the estate answered, denied the allegations and asserted a counterclaim alleging, in part, that certain jewelry was property of the estate.

On appeal, Foster enumerates as error the trial court's finding that the funds in Decedent's NationsBank account were property of the estate; that he was not entitled to reimbursement; and that the jewelry was property of the estate.

1. The trial court properly determined that Decedent's savings account with NationsBank was not a joint account with Samuel Foster and, therefore, the money in the account was property of the

estate. In support of its motion for summary judgment, the estate presented the affidavit of Jewell Nutter, an assistant vice-president and custodian of records for the bank. Nutter testified that, although the original signature card could not be located, the bank records attached to the affidavit showed that the account was owned solely by Decedent.

Since the estate put forth affirmative evidence establishing ownership of the account, it was incumbent on Foster to put forward some evidence to dispute that fact. OCGA § 9-11-56. Foster offered his own affidavit, stating that he signed an agreement to establish a joint account. Although Foster avers he established a joint account, in the absence of substantiating fact, Foster's affidavit is self-serving and conclusory and, therefore, insufficient to create an issue for trial. *Miller v. Calhoun/Johnson Co.*, 230 Ga. App. 648, 650 (3) (b) (497 SE2d 397) (1998); *Brooks v. Boykin*, 194 Ga. App. 854, 856 (3) (392 SE2d 46) (1990). While Foster remonstrates that checks drawn on the account had his name on them, the undisputed evidence from the bank records shows Foster was not a joint owner of the account.

> Although [Foster] was authorized to sign checks on this account, [he] was not a joint owner of it, and upon [Sara Foster's] death the money became a part of [her] estate and title was vested in the administrator or executor thereof for the benefit of heirs and creditors.

*Epps v. Epps*, 141 Ga. App. 659, 661 (1) (234 SE2d 140) (1977).

2. Shortly after Decedent's death, Foster withdrew all of the money from the NationsBank savings account and Decedent's other savings account. A new joint bank account owned by Foster and Ramsey was opened with NationsBank. Subsequently, Ramsey withdrew $10,000 from the joint account and deposited it in an account on behalf of the estate. Foster contends that he is entitled to reimbursement from Ramsey.

Since the estate owned the funds in the NationsBank savings account, Division 1, supra, the trial court properly determined that Foster was not entitled to reimbursement from Ramsey for $10,000 originating from that NationsBank savings account. Furthermore, the trial court properly found that Foster was not entitled to reimbursement for expenses he incurred which were estate obligations (such as maintaining the residence) because he had paid those expenses out of the estate's money held in the NationsBank account.

3. During the administration of the estate, the parties disputed whether Mrs. Foster owned certain pieces of jewelry such that the pieces were part of the estate. We find that the trial court erred by granting summary judgment to the estate on the ownership of the

jewelry because issues of fact remain.

In support of its motion for summary judgment, the estate submitted the affidavit of Nancy Stephenson, Probate Judge of Dougherty County. Judge Stephenson averred that Foster stated at the probate proceedings that he had given the jewelry to Mrs. Foster on special occasions, such as birthdays or holidays. He further stated that, while he intended for Mrs. Foster to use the jewelry, he had not intended for Mrs. Foster to own it. Yet, he did not tell Mrs. Foster that the jewelry was not hers to keep. In response to the motion, Foster relies on his responses to interrogatories in this case, in which he stated that Mrs. Foster knew that the jewelry was only for her use and that none of the jewelry was a gift to her.

As an initial matter, the record does not contain a transcript of the probate proceedings, so under this circumstance, we note that the inconsistent testimony rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986) does not apply to the contradiction between Foster's own testimony and Judge Stephenson's testimony of what Foster said. See *Bird v. Kmart Corp.*, 229 Ga. App. 630 (494 SE2d 541) (1997).

Furthermore, to the extent that any of the alleged conversations about the jewelry took place prior to July 1, 1979, Foster's testimony must be excluded pursuant to former Code Ann. § 38-1603, Georgia's Dead Man's Statute, "which renders inadmissible in actions against a person since deceased evidence of transactions or communications with the deceased person." *Willis v. Kennedy*, 267 Ga. 165 (1) (476 SE2d 246) (1996); OCGA § 24-9-1 (b).

> Former Code Ann. § 38-1603 provided, in pertinent part: Where any suit shall be instituted or defended by [a representative] of a deceased person, the opposite party shall not be admitted to testify in his own favor against the deceased person as to transactions or communications with such deceased.

(Punctuation omitted.) *Willis*, supra at 165, n. 3.

However, Foster is competent to testify as to conversations which took place after July 1, 1979. OCGA § 24-9-1 (b). Foster's interrogatory answers and Stephenson's affidavit, unlike the evidence presented by Foster's self-serving affidavit discussed in Division 1, created an issue of credibility, and, as a result, a question of fact. "Where a party gives testimony contradicting an out-of-court admission of such party, it is for the trier of fact to say whether it was true or false when made." *Dills v. Bohannon*, 208 Ga. App. 531, 533 (1) (431 SE2d 123) (1993). In summary judgment proceedings, the trial court cannot determine the credibility of witnesses. The judgment of

the trial court on this claim is reversed.

*Judgment affirmed in part and reversed in part. Eldridge, J., concurs. Barnes, J., concurs in the judgment only as to Division 1 and concurs in the remainder of the opinion.*

DECIDED JUNE 27, 2000 —
RECONSIDERATION DENIED JULY 14, 2000.

*Farkas & Ledford, Leonard Farkas*, for appellant.
*William D. Moorhead III*, for appellee.